IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Henry Lee Kinlaw, | ) | |
|       Petitioner, | ) | C/A No. 1:19-cv-1862-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Warden of Ridgeland, | ) | |
|       Respondent. | ) | |
| | ) | |

  The Petitioner, Henry Kinlaw, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) D.S.C., this matter was referred to a magistrate judge for pretrial handling. On August 28, 2019, Respondent filed a motion for summary judgment. (ECF No. 12). The court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Petitioner of the summary judgment and dismissal procedures and warning him of the consequences if he failed to respond adequately. (ECF No. 13). Petitioner filed a timely response. (ECF No. 15). Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Respondent's motion be granted and that the Petition be dismissed with prejudice. (ECF No. 17). The magistrate judge alerted Petitioner of his right to file objections to the Report. *Id.* at 44. However, Petitioner filed no objections, and the time to do so has now run.

  The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In the absence of objections, this court is not required to provide an explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the

1

recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, for the reasons stated in the Report, the court **GRANTS** Respondent's motion for summary judgment (ECF No. 12) and **DISMISSES** the Petition **with prejudice**.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that this constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the Petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
November 18, 2019