IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Henry Lee Kinlaw, )<br> )<br> Petitioner, )<br> )<br>v. )<br> )<br>Warden of Ridgeland, )<br> )<br> Respondent. )<br>_____) | Civil Action No. 1:19-cv-01862-TMC<br><br>**ORDER** |

Petitioner is a state prisoner, proceeding pro se, who seeks relief under 28 U.S.C. § 2254. Petitioner filed this Petition for writ of habeas corpus on July 1, 2019 (ECF No. 1), and he supplemented his Petition on August 9, 2019 (ECF No. 9). On August 12, 2019, Respondent filed a Motion for Summary Judgment. (ECF No. 12). The court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), alerting Petitioner of the summary judgment procedure and standards and warning Petitioner of the potential consequences if he failed to adequately respond. (ECF No. 13). Petitioner filed a Response in Opposition to Respondent's motion. (ECF No. 15). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), which recommends that the court grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 17). Petitioner was notified of his right to file objections to the Report. *Id.* at 44. Petitioner filed timely objections to the Report.[1] (ECF No. 25). The matter is now ripe for review.

---

[1] On November 18, 2019, having received no objections from Petitioner, the court adopted the Report because it found no clear error. (ECF No. 22). However, later that same day, the court received Petitioner's objections, which indicated that they had been delivered to the prison mail room prior to the deadline for filing objections. Accordingly, the court

1

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Since Petitioner has filed this Petition pro se, this court is charged with construing the Petition liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal citations omitted); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, this does not mean that the court can ignore the Petitioner's failure to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

I. BACKGROUND/PROCEDURAL HISTORY

The magistrate judge set forth a detailed account of the facts and procedural history in her Report. (ECF No. 17 at 2–8). Petitioner did not object to the magistrate judge's recitation of the facts. Briefly, Petitioner pled guilty after jury selection and pretrial motions to trafficking cocaine

---

vacated its order adopting the Report (ECF No. 22), and reinstated the Report so that it could consider Plaintiff's timely objections. (ECF No. 26).

base, distributing cocaine base, and trafficking cocaine. (ECF No. 11-1 at 398–403). Petitioner was represented by attorney Russell B. Long. *Id.* at 3.

It is uncontested that prior to Petitioner's guilty plea, his plea counsel filed pretrial motions challenging the validity of the search warrant and arrest warrant, seeking to suppress the drug evidence. *Id.* at 319. Following Petitioner's guilty plea, Judge John C. Hayes sentenced him to concurrent sentences of fifteen years as to each count. *Id.* at 79–80. Petitioner did not file a direct appeal as to his conviction or his sentence. (ECF No. 1 at 2).

Petitioner filed a pro se application for Post-Conviction Relief ("PCR") on May 19, 2015, asserting that his plea counsel was ineffective and that his guilty plea was involuntary. Specifically, Petitioner alleged that his counsel failed to (1) move to dismiss his charges because the search warrant and accompanying affidavit were not supported by probable cause; (2) argue that the evidence should be suppressed because the search warrant and search violated South Carolina Constitution Article I § 10 and the Fourth Amendment; (3) advise him that his plea offer had an expiration provision; (4) investigate and conduct discovery thoroughly; (4) file a direct appeal; (5) challenge the chain of custody of the evidence; and (7) challenge the use of a drug-sniffing dog. *See id.* at 129–254. On February 18, 2015, the State filed a Return, and on May 24, 2017, Judge Roger E. Henderson held an evidentiary hearing. *Id.* at 261–62. At the hearing, Petitioner was represented by attorney Steven W. Fowler, and both Petitioner and plea counsel testified. *Id.* at 262.

The PCR court construed Petitioners claims as the following:

I.     Ineffective assistance of counsel, in that:

    a.     Counsel failed to adequately prepare to argue his motion to suppress the search warrant:

      i. "Failure to investigate, prepare for and motion to dismiss charges of distribution of crack cocaine 28 – 100 grams; and trafficking cocaine 28 – 100 grams because arrest warrant and affidavit in support of was not supported by probable cause."

      ii. "Arrest warrant was invalid and counsel should have objected to and motioned to dismiss warrant because of its invalidity."

      iii. "Counsel was ineffective during his presentation regarding the suppression hearing. Counsel failed to investigate adequately prepare and thoroughly argue the suppression of drug evidence."

      iv. "Plea counsel's representation fell below an objective standard of reasonableness and prejudiced Kinlaw."

b. Counsel failed to communicate a plea offer of five years:

      i. "Defense counsel advised Kinlaw that the State would allow him to plead guilty to all charges for a five (5) year sentence. Counsel did not inform Kinlaw when the plea offer expired."

      ii. "Plea counsel's performance was deficient as it fell below 'an objective standard of reasonableness' when plea counsel failed to inform Kinlaw when the State's plea offer would expire."

c. Counsel failed to investigate the confidential informant:

      i. "Failure to investigate the confidential driver, failed to do a supplemental Brady/Rule 5 motion, when five (5) days prior to trial, the State released the name of the confidential driver to counsel."

      ii. "Failure to obtain confidential driver's criminal history and any and all information concerning his being a potential confidential informant and, if so, his credibility and reliability."

d. Counsel failed to investigate the traffic stop leading to the arrest of the individual who departed from the hotel searched:

      i. "Counsel failed to obtain any and all surveillance videos and audio recordings and any videos of the traffic stop of the driver and"

      ii. "Counsel failed to obtain any agreement for driver for his/her cooperation and agreement to testify against Kinlaw."

4

      e. "Counsel did not advise me that I had a meritorious State and Federal Constitutional claim and that if I went on to trial, that I could challenge the trial judge's denial of the suppression motion."

      f. "Failure to file direct appeal."

          i. "Instructed counsel to file an appeal. Counsel did not file a direct appeal."

          ii. "Failed to file an appeal or notice of intent to appeal the convictions and sentence in order to protect Kinlaw constitutional rights, therefore plea counsel was constitutionally ineffective and as a result Kinlaw was denied his only appeal as a matter of right."

  II. Involuntary Guilty Plea

      a. "Counsel coerce Kinlaw to enter a plea of guilty."

      b. "Counsel's inaccurate advice and failure to thoroughly prepare for trial led to Kinlaw's guilty plea."

      c. "Counsel's advice to plead guilty was deficient, because Kinlaw had a valid legal challenge to the denial of the suppression motion on direct appeal."

      d. "Kinlaw plead guilty because of deficient advice and lack of an alternative, and he did not do so voluntarily or knowingly."

*Id.* at 363 – 64 (errors in original). The court denied Petitioner's PCR application. *Id.*

Appellate Defender Robert M. Pachak filed a *Johnson*[2] petition for writ of certiorari, asking "[w]hether plea counsel was ineffective in failing to communicate to petitioner when a 5 year plea offer would expire." (ECF No. 11-2 at 3). Petitioner filed a pro se response raising the following verbatim:

1. Whether plea counsel was ineffective in failing to investigate, failing to discover and failing to raise on a motion to suppress at the suppression hearing that petitioner arrest was an illegal arrest in violation of the 4th amendment of the U.S. Const. because arrest warrant M-971717 "Distribution of Crack Cocaine" and underlying affidavit in support of the arrest warrant lacked probable cause?

---

[2] *Johnson v. State*, 364 S.E. 2d 201 (S.C. 1998).

2. Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the arrest warrant M-971717 "Distribution of Crack Cocaine" because his arrest was an illegal arrest in violation of the 4th Amendment of the U.S. Constitution because arrest warrant and underlying affidavit in support of arrest warrant lacked probable cause?

3. Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant underlying affidavit set forth no facts as to why D.E.U. agents believed Petitioner committed the crime alleged in the search warrant affidavit Distribution of Crack Cocaine on Feb. 28, 2012, the crime Petitioner was arrested for on Feb. 29, 2012?

4. Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the search warrant because the search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant is defective on its face because the search warrant underlying the affidavit set forth no facts as to why the D.E.U. agents believed petitioner committed the crime alleged in the search warrant affidavit "Distribution of Crack Cocaine on February 28, 2012 the crime petitioner was arrested for on February 29, 2012?

5. Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under the 4th Amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant is defective on its face because the search warrant underlying the affidavit does not contain any information to allow the magistrate to make an independent determination of the K-9 Jari's reliability to establish probable cause based on the alert?

6. Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the search warrant because the search warrant was invalid under the 4th amendment of the U.S. Constitution for lack of probable cause specifically because the search warrant underlying affidavit does not contain any information to allow the magistrate to make an independent determination of the K-9 Jari's reliability to establish probable cause based on the alert?

7. Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of

> the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant is defective on its face because in the search warrant underlying affidavit there was no independent verification of what transpired within the hotel on Feb. 28, 2012 during the agents surveillance and the day the unreliable confidential informant was arrested with .9 grams of crack-cocaine some miles away from their hotel?

(ECF No. 11-3 at 6–13 (errors in original)). The Supreme Court of South Carolina denied the petition for a writ of certiorari on January 5, 2019, and issued a remittitur on February 4, 2019. (ECF Nos. 11-4; 11-5).

Petitioner filed the instant habeas petition on July 1, 2019, raising the following grounds for relief, verbatim:

> **Ground 1:** Whether plea counsel was ineffective in failing to investigate, failing to discover and failing to raise on a motion to suppress at the suppression hearing that a petitioner arrest was an illegal arrest in violation of the 4th amendment of the U.S. Constitution because arrest warrant M-9717 "Distribution of Crack Cocaine" and underlying affidavit in support of arrest warrant lacked probable cause.
>
> **Ground 2:** Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the arrest warrant M-971717 "Distribution of Crack Cocaine" because his arrest was an illegal arrest in violation of the 4th amendment of the U.S. Constitution because arrest warrant and underlying affidavit in support of arrest warrant lacked probably cause.
>
> **Ground 3:** Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant underlying affidavit set forth no facts as to why the D.E.U. agents believed Petitioner committed the crime alleged in the search warrant affidavit Distribution of Crack Cocaine on February 28, 2012, the crime petitioner was arrested for on February 29, 2012.
>
> **Ground 4:** Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the search warrant because thee search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant is defective on its face because the search warrant underlying affidavit set forth no facts as to why D.E.U. agents

7

believed petitioner committed the crime alleged in the affidavit "Distribution of Crack Cocaine" on February 28, 2012 the crime petitioner was arrested for on February 29, 2012.

**Ground 5:** Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under the 4th amendment of the U.S. Constitution for a lack of probable cause specifically because the search warrant underlying affidavit does not contain any information to allow the magistrate to make an independent determination of the K-9 Jari's reliability to establish probable cause based on the alert?

**Ground 6:** Whether plea counsel was ineffective in failing to inform petitioner that he had a valid legal challenge to the search warrant because the search warrant was invalid under the 4th amendment of the U.S. Constitution for lack of probable cause specifically because the search warrant underlying affidavit does not contain any information to allow the magistrate to make an independent determination of the K-9 Jari's reliability to establish probable cause based on the alert.

**Ground 7:** Whether plea counsel was ineffective for failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant was invalid under the 4th amendment of the U.S. Constitution for lack of probable cause specifically because the search warrant is defective on its face because the search warrant underlying affidavit there was no independent verification of what transpired within the hotel on February 28, 2012 during the agents surveillance and the day the unreliable confidential informant was arrested with .9 grams of crack cocaine some miles away from the hotel.

**Ground 8:** Whether plea counsel was ineffective in failing to adequately prepare, thoroughly argue the suppression of the drug evidence discovered as a result of the search warrant because plea counsel failed to discover and raise on a motion to suppress at the suppression hearing that the search warrant was invalid under Art. I 10 of the South Carolina Constitution and the 4th amendment of the U.S. Constitution because the search warrant affidavit contained misstatements which render the search warrant invalid under the analysis set forth in *Frank v. Delaware*, 483 U.S. 154 (1978).

**Ground 9:** Whether plea counsel was ineffective for failing to thoroughly investigate, failing to thoroughly research the documented evidence, and failing to inform applicant of a potential legal challenge because the chain of custody is defective.

**Ground 10:** Whether plea counsel was ineffective in failing to communicate to petitioner when a 5 year plea offer would expire.

(ECF No. 1-2 at 1–3).

## II. DISCUSSION

In her Report, the magistrate judge recommends that the undersigned grant Respondent's Motion for Summary Judgment and deny the Petition. (ECF No. 17). Petitioner filed objections to the Report. (ECF No. 25). The vast majority of Petitioner's objections are nonresponsive to the Report and simply reiterate the claims and facts that were already considered by the magistrate judge. However, the court gleans that Petitioner objects to the magistrate judge's determinations that trial counsel provided a valid trial strategy for not challenging the arrest warrant and for not alerting Petitioner of potential challenges prior to his guilty plea, that trial counsel "raised the best possible arguments in regards to the search warrants and other issues" at the suppression hearing, that trial counsel was not ineffective in failing to challenge the reliability of the drug dog, and that the PCR court's credibility determinations were reasonable. *Id.*

> As the magistrate judge correctly noted, under 28 U.S.C. § 2254(d),
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the state court proceedings unless the adjudication of the claim –
>
> (1) Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

"[T]o grant [a] habeas petition, [the court] must conclude that the state court's adjudication of [the petitioner's] claims was not only incorrect, but that it was objectively unreasonable." *McHone v. Polk*, 392 F.3d 691, 719 (4th Cir. 2004). Additionally, the factual findings of the state court are entitled to deference and are "presumed to be correct" unless Petitioner rebuts that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

To establish a Sixth Amendment violation for ineffective assistance of counsel, a petitioner must show both that his counsel's representation "fell below an objective standard of reasonableness," and that such representation caused him to suffer prejudice. *Strickland v. Washington*, 466 U.S. 668, 688–92. To establish that he or she has suffered such prejudice, a petitioner must show that there was a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

As an initial matter, the court notes that the magistrate judge found that Petitioner had abandoned Grounds eight and nine, as he had agreed that such grounds were procedurally barred and did not provide any excuse for default. (ECF No. 17 at 23). Petitioner did not object to this determination, and, therefore, the court finds that Grounds eight and nine are abandoned.

As for Grounds one through seven, the magistrate judge determined that Petitioner had failed to show that the PCR court's decision "unreasonably applied federal law or relied on an unreasonable determination of the facts" in dismissing Petitioner's claims, *id.* at 35, and that the "PCR court reasonably concluded counsel acted within the range of reasonable representation in declining to challenge the arrest warrant or to assert every potential defect in the search warrant," *id.* at 36. Specifically, the magistrate judge determined that plea counsel had made "tactical decision[s]" by choosing which arguments to raise in the pretrial motions and that those decisions were entitled to deference under *Strickland*. *Id.* at 35 (citing *Sexton v. French*, 163 F.3d 874, 885 (4th Cir. 1998) ("The decision whether to file a pretrial motion to suppress . . . is a classic tactical decision. Trial counsel has superior experience with the criminal process and detailed, objective knowledge of the strengths and weaknesses of the defendant's case. Trial counsel also is in a far better position to assess the meritoriousness of a pretrial motion to suppress . . . .")). The magistrate

judge also concluded that Petitioner's argument that the PCR court misapplied *Giordenello*[3] and *Whiteley*[4] was misplaced, because those cases set forth the probable cause standard for warrants and did not discuss whether counsel was ineffective for failing to challenge a warrant. *Id.* at 36.

Petitioner objects to the magistrate judge's determinations that his arguments under *Giordenello* and *Whiteley* are misplaced, asserting that based on those cases, his warrants lacked probable cause. (ECF No. 25 at 3). However, as the magistrate judge stated, these cases provide the standard for probable cause, but they do not address issues of ineffective assistance of counsel for failing to challenge a warrant for lack of probable cause. (ECF No. 17 at 36). In reviewing his PCR application, the PCR court was tasked with determining whether counsel acted unreasonably in regard to his challenges to the underlying warrants. It was not tasked with determining if the warrants themselves were, in fact, supported by probable cause. Accordingly, the court agrees with the magistrate judge and overrules this objection.

Furthermore, Petitioner objects to the magistrate judge's determinations that trial counsel had valid strategical reasons for not challenging the arrest warrant and for not informing him that the arrest warrant "was invalid for lack of probable cause" (ECF No. 25 at 3–8); that Petitioner's counsel raised the "best possible arguments in regards to the search warrants" (ECF No. 25 at 10); that Petitioner's counsel acted reasonably in "declining to challenge every potential defect in the search warrant" (ECF No. 25 at 13, 21, 24); and that the PCR court's credibility determinations were reasonable (ECF No. 25 at 28).

Grounds one through seven all involve claims for ineffective assistance of counsel for failure to discover, argue, and inform Petitioner of challenges to the arrest and search warrants for lack of probable cause. *See* (ECF No. 1-1 at 3–13). The magistrate judge determined that the "PCR

---

[3] *Giordenello v. U.S.*, 357 U.S. 480 (1958).
[4] *Whiteley v. Warden*, 401 U.S. 560 (1971).

court reasonably concluded counsel acted within the range of reasonable representation in declining to challenge the arrest warrant or to assert every potential defect in the search warrant." (ECF No. 17 at 35). The magistrate judge further noted that counsel had made the calculated decision not to present some of the challenges Petitioner now pursues because counsel found them "petty" and instead chose to focus on arguments that, "in his professional opinion, had more merit." *Id.* at 35. Those calculated decisions, the magistrate judge reasoned, were "exactly the type of tactical decision[s] entitled to deference under *Strickland*." *Id.* (citations omitted). Therefore, the magistrate judge concluded that the PCR court was reasonable in reaching the same conclusion. *Id*. The court agrees.

At the pretrial hearing, the state recited the following facts, and Petitioner's counsel agreed with the recitation. *See id.* at 30 – 38. Agents received a tip from a confidential informant that a black male with the street name "Gutter" or "Gunner" was selling drugs at the Days Inn and drove a blue Chevy Impala. *Id.* at 37–38. Acting on that tip, the Drug Enforcement Unit ("D.E.U.") sat outside the hotel and watched Petitioner for a few days. *Id.* at 30. According to Phillips, the agents ran the plates on a Chevy Impala in the parking lot, and the plates came back to Petitioner. *Id*. While many cars came and went from the Days Inn parking lot, the Impala remained stationary, which the agents found suspicious. *Id.* The agents began surveillance. *Id.* After seeing a man come, go into the stairwell, and return to his car within a matter of seconds, the agents decided to follow him, and they conducted a traffic stop following a traffic violation. *Id.* at 31. The driver, Keith Buffkin, admitted to the police that he had drugs on him and that he bought them from "Gunner" or "Gutter" in the stairwell at the Days Inn. *Id.* The agents showed Buffkin a photo of Petitioner, and Buffkin positively identified him. *Id.* The agents obtained an arrest warrant for distribution of cocaine base the next morning. *Id.* That day, one of the agents saw Petitioner at the gym and

decided to arrest him pursuant to the arrest warrant. *Id.* In a search subsequent to arrest, Petitioner was found to have a key card to the Days Inn Motel. *Id.* at 32. The agents returned to the hotel and asked if Petitioner had been there, and the clerk told them his room number. *Id.* The agents tested the key card on the door but did not open the door and then brought a drug dog to sniff the vicinity outside the door. *Id.* The dog alerted to the door. *Id.* With this information, the agents obtained a search warrant, which resulted in the recovery of cocaine, crack cocaine, baggies, scales, razor blades, residue, and money. *Id.* Agent Phillips stated that he provided the magistrate with those facts in obtaining the search warrant and informed the judge that Keith Buffkin was a cooperating witness, not a confidential informant. *Id.*

Having not heard the name of the cooperating witness, previously believed to be a confidential informant, before the suppression hearing, plea counsel moved to strike Phillips's account of the information from the informant and for dismissal of the charges or a continuance. *Id.* at 39–40, 66. All such motions were denied. *Id.* Plea counsel also moved to quash the search warrant for lack of probable cause. *Id.* at 66. This motion was also denied. *Id.*

At his PCR hearing, Petitioner conceded that plea counsel filed pretrial motions seeking to suppress the drug evidence based on the arguments that both the search and arrest warrant were invalid. (ECF No. 11-1 at 319–322). Specifically, plea counsel challenged the reliability of the confidential informant and the identification of Petitioner and argued that the drug dog sniff was invalid. *Id.* Following a hearing, the motion to suppress was denied. Petitioner also conceded that, upon learning the identity of the confidential informant, plea counsel had moved to dismiss the charges or, in the alternative, for a continuance. (ECF No. 11-1 at 319). However, both motions were denied. Nonetheless, Petitioner argued at the PCR hearing that plea counsel should have made additional challenges to the arrest warrant and should have informed Petitioner of the

13

availability of those challenges – namely that the arrest warrant was invalid because it lacked sufficient facts to establish probable cause, lacked facts to establish Petitioner was the perpetrator of the crime, did not identify the source of the allegations, did not contain information on the reliability of the confidential informant, and failed to provide verification of the facts. *See* (ECF No. 11-1 at 280–324). Petitioner further argued that plea counsel should have made additional challenges to the search warrant and should have informed him of the availability of those challenges – namely that the search warrant lacked sufficient facts to show that a crime had been committed, did not establish the reliability of the confidential informant, did not provide any verification for the facts presented, did not establish the reliability of the drug dog, and included false statements made by one of the agents. *See id.* Petitioner admitted that he had acknowledged that he waived his ability to make any further challenges to the warrants when he chose to plead guilty, but he argued that he could only waive challenges of which he was aware. *Id.*

On the other hand, plea counsel stated that he strategically chose his strongest arguments for the suppression hearing and that he specifically did not raise some of the challenges Petitioner now raises because he found them "petty" and unlikely to succeed. *Id.* at 334–36. In particular, counsel stated that he had no indication that any of the statements in connection with the warrants were false and that there was no evidence that the drug dog was unreliable. *Id.* at 334, 348.

Ultimately, the PCR court determined that Petitioner had failed to establish either prong in *Strickland* because plea counsel "clearly, concisely, and effectively advanced the best available arguments against the validity of the warrants for Applicant's arrest and search of the hotel room" Id. at 371. Furthermore, the court noted that counsel "is not obliged to act as a conduit for every argument desired by his client, but must use his or her good judgment to communicated the best arguments available." *Id.* Accordingly, the PCR court determined that plea counsel did not act

unreasonably in making his tactical decisions regarding challenges to the warrants and informing Petitioner of the available challenges.

It is not the court's task to discern whether it would hold the underlying warrants not sufficiently supported by probable cause for the reasons Petitioner suggests. Instead, it is the duty of this court to determine whether the PCR court reasonably applied Supreme Court law in concluding that plea counsel acted reasonably in not bringing those challenges before the trial court. *See* 28 U.S.C. § 2254(d). The court finds that it did. The PCR court laid out the standard set forth in *Strickland* and applied it to the facts of the case, ultimately determining that counsel was not deficient in making the tactical, strategic decisions to advance particular arguments while disregarding potentially less-solid ones.[5] Because the court agrees with the magistrate judge that the PCR court applied Supreme Court law appropriately, Petitioner's objections are overruled.

Finally, as to Ground ten for ineffective assistance of counsel for failure to communicate the expiration of the plea deal, the magistrate judge determined that the PCR court did not err in finding plea counsel credible because "the PCR court could reasonably conclude the State made an informal, verbal offer, that may or may not have included an explicit expiration date, counsel communicated the offer to Petitioner and advised him to accept is, Petitioner rejected the offer, and the State then withdrew it." (ECF No. 17 at 42). The magistrate judge further noted that credibility determinations are factual determinations that are "presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented at the state court proceeding." *Id.* at 41 (quoting *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003). The magistrate judge also determined that Petitioner had failed

---

[5] For the same reasons, counsel did not list out every potential defense to the warrants to Petitioner because in his professional opinion, they did not have merit.

to show any prejudice because Petitioner rejected the plea offer, and it did not expire until after that rejection. *Id.* at 42. Additionally, Petitioner admitted in his plea colloquy that he entered into his plea "freely and voluntarily" with the advice of counsel, with whom he was satisfied. *Id.* at 42–43 (citing (ECF No. 11-1 at 75–76)).

Petitioner objects to the magistrate judge's determination that the PCR court's credibility determinations were reasonable. (ECF No. 25 at 27–29). As the magistrate judge noted, credibility determinations are findings of fact, which this court will not overturn absent "stark and clear" evidence of error in the state court's analysis. *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008). At the PCR hearing, Petitioner argued that he did not know that the five-year plea deal was the State's final deal or that it had an expiration date and that, had he known such, he would have taken the deal. (ECF No. 11-1 at 311). However, plea counsel testified that Petitioner explicitly rejected the five-year plea deal when offered. *Id.* at 333. He further testified that it was usual procedure for the Solicitor's office to provide written documentation as to the expiration of a plea deal and that he could not locate any written plea documents in this case; rather, counsel stated that the plea deal was a verbal offer. *Id.* at 341. Counsel recalled discussing the plea deal with the assistant solicitor and conveying those discussions to his client. *Id.* Based on these facts, the PCR court found plea counsel's testimony to be credible and determined that the plea deal was informal and that counsel adequately communicated the plea deal to Petitioner. *Id.* at 372. The PCR court further noted that Petitioner had no constitutional right to any particular plea deal and that counsel had acted effectively in procuring the plea deal and communicating the same to Petitioner. *Id.*

The court agrees that the facts do not support a finding of stark and clear error in the PCR court's credibility determination. As the magistrate judge stated, it is reasonable to conclude that the plea offer was informal rather than written and that plea counsel explained the offer to

16

Petitioner adequately. Furthermore, to the extent Petitioner's objections suggest that the PCR court erred in the ultimate determination as to Ground ten and not just the credibility analysis, the court finds that the PCR court's conclusions that counsel acted reasonably in relaying and explaining the plea offer was a reasonable application of Supreme Court law. Accordingly, the court overrules Petitioner's objection.

### III. CONCLUSION

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court adopts the Report (ECF No. 17), which is incorporated herein by reference. Accordingly, the Respondent's Motion for Summary Judgment (ECF No. 12) is **GRANTED**. Thus, Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED.**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner failed to make a "substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain  
United States District Judge

Anderson, South Carolina  
May 19, 2020